UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DONALD EUGENE CARAWAY,

Petitioner,

v.

D.L. HOBBS,

Respondent.

Civil No. 00-1398 (ADM/JMM)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 1990, criminal charges were brought against Petitioner in this District for violating federal drug laws. He subsequently entered into a plea agreement, and was sentenced to 240 months in prison by District Court Judge David S. Doty. Petitioner

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED JUN 27 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

appealed his conviction and sentence to the Eighth Circuit, but all of his claims were denied. U.S. v. Womack, 985 F.2d 395 (8th Cir.), cert. denied, 510 U.S. 902 (1993). In 1996, Petitioner filed a motion seeking relief under 28 U.S.C. § 2255, but Judge Doty denied the motion on February 3, 1997.

Petitioner commenced the present habeas corpus action on June 1, 2000, at which time he was confined at the Federal Correctional Institution at Jesup, Georgia. He filed his petition in the Southern District of Georgia, because he was (and presumably still is) incarcerated in that district. Upon examining the petition, the Georgia court found that Petitioner is once again challenging the conviction and sentence entered here in Minnesota. The case was therefore transferred to this district, by order dated June 5, 2000. (Docket No. 2.)

The petition in this case raises two separate and distinct claims for relief. Petitioner first argues that his original 20-year sentence should be set aside because it was based on allegedly erroneous information about the nature of the narcotics involved in his case.[2] He further argues that the length of his sentence should be reduced because of the efforts he has made to rehabilitate himself while in prison. For the reasons discussed below, the Court finds that both of these claims must be summarily rejected.

---

[2] The petition indicates that Petitioner received an enhanced sentence because his crime involved the "crack" form of cocaine. He now contends that the prosecution did not present adequate lab test results to prove that the cocaine in question was, in fact, crack cocaine.

## II. DISCUSSION

### A. Petitioner's Challenge To The Original Sentence

A federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner's first claim for relief clearly challenges the validity of his original sentence. He contends that the an error was made at the time of sentencing, and that his original sentence should now be vacated. His first claim for relief is therefore subject to § 2255's exclusive remedy rule.

Ordinarily, Petitioner's application for relief under § 2241 might simply be construed as a motion brought under § 2255. The matter could then be transferred to the trial court judge so that Petitioner's claims could be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255, because he has already done so once before. Any § 2255 action that he might now attempt to pursue would have to be construed as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).[3]

---

[3] According to the final paragraph of 28 U.S.C. § 2255:

> "A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

> "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Because the instant Petitioner has not obtained a pre-authorization order from the Eighth Circuit Court of Appeals, the trial court judge, (Judge Doty), could not entertain a new § 2255 motion at this time. Id. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

Petitioner may have deliberately elected to seek relief under 28 U.S.C. § 2241, believing that the remedy provided by § 2255 has become "inadequate or ineffective to test the legality" of his conviction because the rules governing second and successive petitions prevent him from bringing another § 2255 motion before the trial court. If Petitioner believes that § 2255 is presently inadequate or ineffective, he may further believe that he should now be allowed to challenge his sentence in a § 2241 habeas corpus proceeding. Any such reasoning, however, would be erroneous.

The rules barring successive § 2255 motions would be rendered meaningless if a prisoner whose claims were barred could simply argue that the remedy

---

requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

provided by § 2255 had become "inadequate or ineffective" and that he was therefore entitled to bring his claims in a § 2241 habeas corpus action. Congress could not have intended for the rules governing successive § 2255 motions to be so easily evaded. Thus, it is not surprising that our Court of Appeals has recently confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United State v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., U.S. v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 120 S.Ct. 1208 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to challenge his sentence in his direct appeal, and again in his first § 2255 motion to the trial court. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under that statute.

Thus, the Court concludes that Petitioner cannot challenge the validity of his original sentence in a habeas corpus petition brought under 28 U.S.C. § 2241. Such challenges can be raised only in a motion brought under § 2255. Petitioner's first claim for relief, which directly challenges the validity of his original sentencing proceedings, must therefore be summarily rejected. It will be recommended, however, that Petitioner's first claim be dismissed without prejudice, so that he will still have the option of asking the Eighth Circuit Court of Appeals to enter a pre-authorization order, pursuant to 28 U.S.C. § 2244(b), which would allow him to file another § 2255 motion with the trial court judge.[4]

---

[4] Petitioner should not misconstrue this recommendation as encouragement to return to the Court of Appeals. As far as this Court can discern, Petitioner will not be able to satisfy any of the conditions for obtaining a pre-authorization order. See 28 U.S.C. § 2244(b)(2). That, however, is a matter for the Eighth Circuit to decide, if Petitioner brings a proper motion before that Court.

B. Petitioner's Request For Re-sentencing

In his second claim for relief, Petitioner asks that his sentence be reduced because of the progress toward rehabilitation that he has made while in prison. He contends that because of his rehabilitation efforts he is now entitled to a shorter sentence. Although Petitioner has cited numerous cases in support of his re-sentencing claim, the Court finds such cases to be distinguishable and inapplicable.

Many of the cases cited by Petitioner involve challenges to original sentencing proceedings. The defendants in such cases argued that they were entitled to a downward departure, at the time when the sentence was initially imposed, because of various mitigating circumstances (including rehabilitation) that occurred before sentencing. See e.g., U.S. v. Griffiths, 954 F.Supp. 738 (D.Vt. 1997); U.S. v. Shasky, 939 F.Supp. 695 (D.Neb. 1996); U.S. v. Galante, 111 F.3d 1029 (2nd Cir. 1997); U.S. v. Brock, 108 F.3d 31 (4th Cir. 1997); None of these cases suggest that a federal court can revisit and reduce a prisoner's sentence, after it has been imposed, based on post-sentencing rehabilitation.

The cases cited by Petitioner in which post-sentencing rehabilitation was considered involved prisoners who were re-sentenced for reasons other than just rehabilitation. See U.S. v. Sally, 116 F.3d 76 (3rd Cir. 1997) (prisoner was re-sentenced because his conviction was vacated in a § 2255 proceeding); U.S. v. Core, 125 F.3d 74 (2nd Cir. 1997) (same), cert. denied, 522 U.S. 1067 (1998); U.S. v. Dyce, 975 F.Supp. 17 (D.D.C. 1997) (prisoner re-sentenced pursuant to remand order following appeal). The case on which Petitioner relies most heavily, U.S. v. Hasan, 41 F.Supp.2d 1004 (D.Neb. 1999), aff'd, 205 F.3d 1072 (8th Cir. 2000), falls into this category. In Hasan, the prisoner

filed a motion to lower her sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a post-sentencing modification to one of sentencing guidelines applicable to her case.[5] The prisoner was entitled to re-sentencing because of a retroactive change to the guidelines, not because of her post-sentencing rehabilitation. Although the sentencing court did consider the prisoner's post-sentencing rehabilitation at the time of re-sentencing,[6] the underlying basis for re-sentencing was the retroactive change to the guidelines – not the prisoner's post-sentencing rehabilitation.

In the present case, Petitioner is not seeking relief under 18 U.S.C. § 3582(c)(2), and he has not cited any retroactive changes to the Sentencing Guidelines that are relevant to his sentence.[7] Instead, he is asking for a "downward departure" based

---

[5] 18 U.S.C. § 3582(c)(2) provides as follows:

> "**(c) Modification of an imposed term of imprisonment. --** The court may not modify a term of imprisonment once it has been imposed except that – ...
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

[6] On appeal, the Eighth Circuit held that "when faced with a § 3582(c)(2) resentencing, a district court may consider grounds for departure unavailable to the defendant at the original sentencing."

[7] If Petitioner believes that he is entitled to relief under § 3582(c)(2), (although no grounds for such relief are evident in his current petition), he will have to bring a motion under that statute before the original sentencing judge.

solely on his alleged post-sentencing rehabilitation. Such relief, however, cannot be granted, because post-sentencing rehabilitative conduct, by itself, does not provide a basis for re-sentencing. U.S. v. Santiago, No. CIV. 99-325-P-C, CRIM. 93-27-P-C (D.Me. March 21, 2000), 2000 WL 760743 at *1 ("post sentencing rehabilitation is taken into account only when the defendant is resentenced for some reason other than the asserted rehabilitation"); U.S. v. Dugan, 57 F.Supp.2d 1207, 1209-10 (D.Kan. 1999) ("federal courts have uniformly held that a § 2255 movant's post-sentencing rehabilitation, standing alone, is not a valid basis for reducing a defendant's sentence"); Bryant v. U.S., 48 F.Supp.2d 188, 190-91 (N.D.N.Y. 1999) (although "some cases permit consideration of post-conviction rehabilitative efforts when a court is resentencing a defendant... [t]his line of cases does not... extend to situations in which the only ground on which a reduction in sentence is requested is the rehabilitation itself"). See also U.S. v. Sims, 174 F.3d 911, 912-13 (8th Cir. 1999) (holding that post-sentencing rehabilitation normally should not be considered even when a case is properly before a court for re-sentencing on other grounds); U.S. v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000) (to the extent that prisoner sought sentence reduction based upon his "post-sentencing rehabilitative conduct," his claim was "barred as a matter of law" by Sims).

In sum, the Court finds that the cases cited by Petitioner are inapposite because they involved either (a) an original sentencing proceeding, (rather than a re-sentencing), or (b) a re-sentencing proceeding precipitated by something other than a bare claim of post-sentencing rehabilitation. Here, Petitioner is asking to be re-sentenced based solely on his post-conviction rehabilitation conduct. In conformity with the cases

cited above, the Court concludes that such relief is simply not available. It will therefore be recommended that Petitioner's second claim for relief be denied with prejudice.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's first claim for relief be DENIED WITHOUT PREJUDICE;

(2) Petitioner's second claim for relief be DENIED WITH PREJUDICE; and

(3) Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED.

Dated: June 26, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before July 17, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.