UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donald Eugene Caraway,

Petitioner,

v.

D.L. Hobbs,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 00-1398 ADM/JMM

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner's objections to Magistrate Judge John M. Mason's Report and Recommendation ("R & R") of June 26, 2000. In the R & R, Judge Mason recommends dismissal of Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the R & R is adopted in its entirety.

## II. BACKGROUND

Both the factual and procedural background of this matter are adequately set forth in the R & R. Those facts are incorporated by reference for the purposes of the present objections.

Petitioner pleaded guilty to conspiring to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). Judge Doty sentenced Petitioner to 240 months. Petitioner's subsequent appeal of his conviction was denied by the Eighth Circuit Court of Appeals. See U.S. v. Womack, 985 F.2d 395 (8th Cir. 1993). In 1997, Judge Doty denied Petitioner's motion for habeas corpus pursuant to 28 U.S.C. § 2255.

Petitioner now contends he is entitled to habeas corpus relief pursuant to 28 U.S.C. §

FILED 9-12-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD 9-12-00
DEPUTY CLERK

2241 because: (1) the sentence should be set aside given the erroneous information about the narcotics involved in the case and (2) the sentence should be reduced given Petitioner's rehabilitative efforts.

## III. DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of an R & R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.1(c)(2). This Court has conducted an independent review of the record and the case law pertaining to this matter and finds that Judge Mason's analysis and recommendation are well-reasoned and correct.

### A. Petitioner's Challenge to Original Sentence

Petitioner claims that because of an alleged error made at the time of sentencing his original sentence should now be vacated. To challenge the validity of his underlying conviction, Petitioner must either file a section 2255 motion, or demonstrate that a section 2255 remedy is "inadequate or ineffective to test the legality of [his] detention." Desimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986). As Petitioner has already sought relief under § 2255, he is precluded from doing so again unless pre-authorized by the Eighth Circuit Court of Appeals. See 28 U.S.C. §§ 2244(b)(3) and 2255.

Petitioner now requests relief pursuant to 28 U.S.C. § 2241. According to the section 2241 petition, Petitioner received an enhanced sentence because his crime involved "crack" cocaine. He contends that the government did not present adequate lab test results to prove that the subject substance of his plea agreement was "crack" cocaine.

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he

had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first § 2255 conviction." In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998), *cited approvingly by* United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). In this case, Petitioner already had a reasonable opportunity to challenge his conviction under Section § 2255 motion to the trial court. Further, Petitioner has failed to demonstrate that the remedy provided was "inadequate or ineffective." Petitioner may not challenge the validity of his sentence in a habeas corpus petition brought under 28 U.S.C. § 2241 without pre-authorization from the Eighth Circuit.

**B. Petitioner's Request for Re-sentencing**

Petitioner also contends that because of his post-sentencing efforts to rehabilitate himself, he is entitled to a reduced sentence. However, the Court agrees with the Judge Mason's conclusion that post-sentencing rehabilitative conduct, in itself, does not provide a basis for re-sentencing. See United States v. Sims, 174 F.3d 911, 912-13 (8th Cir.1999). Therefore, the relief requested by Petitioner is unavailable.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Mason's June 26, 2000 R & R is adopted in its entirety;
2. Petitioner's First Claim is **DISMISSED WITHOUT PREJUDICE**;
3. Petitioner's Second Claim is **DISMISSED WITH PREJUDICE**; and
4. Petitioner's application for habeas corpus under 28 U.S.C. § 2241, [Docket No. 1], is **DISMISSED.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: September 12, 2000

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.